[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In late 1987 plaintiff, acting through its president, Ronald J. Poisson and in response to a request by Noreen Ziminsky, project superintendent for the defendant corporation, submitted a bid for separate proposals for wiring of units at a condominium project to be known as River's Edge in Willington, Connecticut. In February of 1988 these original proposals were replaced with individual proposals for a one bedroom unit with loft and basement; a two-bedroom unit with basement and a two-bedroom unit. These proposals were accepted by Mrs. Ziminsky. At the time defendant contemplated building 34 condominiums. In December of 1987 the plaintiff corporation submitted proposals for installation of a 100 amp service for site lighting at the tennis courts, street lighting and utility services. These proposals were also accepted by the defendant.
The plaintiff corporation began work on the units in early 1988 and eventually wired 17 units. In addition, plaintiff performed some of the site lighting wiring. Work progressed continually on Units 1 through 12 at the River's Edge project.
During the summer of 1988, as a result of the real estate market slow-down, construction at the project progressed only intermittently, a unit being completed only when a contract or a sale had been executed. All subcontractors, CT Page 7422 including the plaintiff, were informed by the defendant that they would not be needed at the site on a daily basis and would be notified when their services were needed to complete a unit for sale. The plaintiff would receive at least two to three day's notice before being called to work on the job site. For various reasons, the plaintiff on several occasions was not able to appear at the job site when needed, causing difficulty for the defendant in the scheduling of work for other subcontractors. R.J.P. also failed to appear for scheduled inspections with the building inspector of the Town of Willington, which caused rescheduling and occasional delays and, on some occasions, the plaintiff failed to go to the River's Edge site when requested to install fixtures, either necessary before a certificate of occupancy could be issued or to install fixtures or appliances in units which had been previously sold. The defendant terminated the plaintiff's services in November of 1988, retaining the services of another electrician because of the repeated failures of the plaintiff to appear at the project when requested.
Of the 34 proposed units, the plaintiff wired and was paid for his work on 17 units, six had been contracted for by the defendant to be wired by another electrician and the remaining 11 units have not yet been started at the time of trial. The six being wired by another electrician were not all completed by the time of trial.
The plaintiff brings this action claiming that he entered into an oral contract with the defendant to supply electrical material and labor in connection with the River's Edge condominiums. He claims to have contracted to do the wiring for 34 units and that pursuant to said contract he ordered and purchased the materials for 34 units and obtained wiring permits for 34 units. The plaintiff claims lost profits and damages as a result of the alleged breach of this contract by the defendant. The defendant denies the principal allegations of the plaintiff and has filed a special defense in which it alleges that the plaintiff and the defendant had an agreement whereby the plaintiff would undertake the wiring work at the condominium project on a unit-by-unit basis only, and there was no agreement or contract, either oral or written, pursuant to which the plaintiff was to perform the wiring of all of the units in the condominium project.
Based upon the credible evidence adduced at trial, it is the opinion of this court that the plaintiff and the defendant entered into an oral contract for the plaintiff to do the wiring in a proposed 34-unit condominium complex known as River's Edge in the town of Willington, Connecticut; CT Page 7423 that the plaintiff agreed upon a set price for the wiring for each of four different types of units to be wired; that the plaintiff corporation agreed to this set price for each type of unit in reliance upon the agreement of the defendant that the plaintiff corporation would do all of the wiring on each unit which was built by the defendant. The court does not agree that there was a commitment by the defendant to build 34 units, that this was understood by the plaintiff, each party having had considerable experience in the building of condominiums. In the opinion of this court, as each unit was built it was anticipated that the plaintiff would be called upon, and in fact was at first called upon, to do the wiring in same. It is, however, the opinion of this court that as the work on the condominiums slowed down and the plaintiff found other work available, it breached its contract with the defendant by failure to appear to complete work as scheduled, and that the plaintiff made it necessary for the defendant to hire another electrician to do the work on the six condominiums not wired by the plaintiff. Since the plaintiff was paid on a per unit basis by the defendant and, according to the evidence, was paid for the site work and extra lighting that he did do, this court finds that there is no debt due the plaintiff from the defendant and there has been no compensable damage to the plaintiff.
In arriving at its opinion, the court has not overlooked the fact that the plaintiff purchased wiring materials for all 34 units and obtained wiring permits for all 34. There is no evidence to support this action by the plaintiff since there were no guaranties that all 34 units would be built.
Also, this court did not rely upon the deposition transcript of Ronald J. Poisson, which transcript was not admitted as an exhibit at the trial.
This court also wishes to make it known that even had it been able to agree with the plaintiff's contention that it had contracted for the wiring of 34 units, the plaintiff, which is a corporation, has failed to provide the court with any evidence to substantiate its claim for lost profits. The plaintiff seems to have confused wages earned by an individual with profit earned by a corporation.
Judgment may enter for the defendant.
HALE, J.